UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| WILLIAM ANTHONY HAYWORTH | ) |
| | ) |
| *Petitioner*, | ) |
| | ) |
| v. | ) No. 4:09-cv-38 |
| | ) *Mattice* |
| | ) |
| CHERRY LINDAMOOD, Warden, | ) |
| | ) |
| *Respondent*. | ) |

## <u>MEMORANDUM</u>

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner William Anthony Hayworth ("petitioner"). The matter is before the court on the respondent's answer to the petition and petitioner's amended petition. For the following reasons, the petition for the writ of habeas corpus will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**.

I.     <u>Standard of Review</u>

A state prisoner is entitled to habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Under Rule 8 of the Rules Governing Section 2254 Cases In The United States

District Courts, the court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If no hearing is required, the district judge is to dispose of the case as justice dictates. If the record shows conclusively that petitioner is not entitled to relief under § 2254, there is no need for an evidentiary hearing and the petition should be denied. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

        The respondent has provided the court with copies of the relevant documents as to petitioner's post-conviction proceedings; there was no direct appeal from the convictions. [Court File No. 9, Answer to Petition, Attachments A-F]. Petitioner pleaded guilty, in the Circuit Court of Bedford County, Tennessee, to aggravated burglary and aggravated robbery. He was sentenced as a Range III persistent offender to concurrent terms of imprisonment of ten years and 20 years, respectively, for an effective sentence of 20 years. As noted, he did not file a direct appeal of his convictions or sentence, but did file a state petition for post-conviction relief which was denied by the trial court after an evidentiary hearing and the Tennessee Court of Criminal Appeals affirmed. *Hayworth v. State*, No. M2007-01323-CCA-R3-PC, 2008 WL 2095489 (Tenn. Crim. App. May 16, 2008).

        The Tennessee Court of Criminal Appeals summarized the factual basis for petitioner's guilty plea as follows:

The petitioner pled guilty to both aggravated robbery and aggravated burglary. He was charged with two additional co-defendants and made multiple statements to the police regarding his involvement in the crimes. According to the police report, the petitioner and his accomplices kicked in a door to a residence and robbed its inhabitants at gunpoint. One of the victims was able to phone 9-1-1 prior to being subdued by the petitioner. The trio was outside the residence when the police arrived. The police recovered the weapon, a black BB pistol, in the driveway.

*Id*., 2008 WL 2095489 at *1.

In his state post-conviction proceedings, petitioner unsuccessfully alleged he was denied the effective assistance of counsel. He raises the same claims for relief in his habeas corpus petition. The respondent contends she is entitled to judgment as a matter of law on those claims based upon the findings of the Tennessee state courts. In an amendment to his petition, petitioner alleges that his sentence as a Range III persistent offender violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

III. <u>State Court Findings</u>

Pursuant to 28 U.S.C. § 2254(d), petitioner may not obtain federal habeas corpus relief with respect to a claim that was adjudicated on the merits in a state court proceeding unless the state court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law or (2) was not reasonably supported by the evidence presented to the state court. In addition, findings of fact by a state court are presumed correct and

3

petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e).

The Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), clarified the distinction between a decision "contrary to," and an "unreasonable application of," clearly established Supreme Court law under § 2254(d)(1). A state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Id*. at 413. A state court decision "involves an unreasonable application of clearly established Federal law" only where "the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411.

IV.   Discussion

*A. Alleged Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). A finding of serious attorney incompetence will not justify setting aside a conviction, however, absent prejudice to the defendant so as to render the conviction unreliable. *Id*. at 691-92.

The two-part test of Strickland also applies to ineffective assistance of counsel claims in cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Sparks v. Sowders*, 852 F.2d 882 (6th Cir. 1988).

We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, [411 U.S. 258 (1973)], and *McMann v. Richardson*, [397 U.S. 759 (1970)]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 58-59 (footnote omitted).

Petitioner was represented by two different attorneys during his state criminal proceedings; he was represented by Forest Durard during the preliminary hearing stage in sessions court and by Richard Dugger during the criminal court and guilty plea stage of the proceedings. Petitioner alleges that Mr. Durard failed to do the following: interview witnesses, move to dismiss the charges, seek an defense interpreter to ensure the veracity of the State's interpreter for the victim, or investigate whether the victim was an illegal alien.

Petitioner alleges that Mr. Dugger failed to do the following: investigate the case, conduct a proper voir-dire of the jury panel, object to the lack of blacks on the panel, or advise petitioner of his right to an adversarial sentencing hearing. Petitioner also alleges that Mr. Dugger coerced petitioner into pleading guilty and misled petitioner into believing he was entering into a plea agreement for a sentence of 15 years instead of an open plea agreement. In that regard, petitioner claims his guilty plea was not knowing or voluntary.

6

In considering petitioner's claims of ineffective assistance of counsel, the Tennessee

Court of Criminals first summarized the evidence at the post-conviction hearing:

> The petitioner was represented by two different attorneys during the course of the proceedings; one attorney represented him at the preliminary hearing and a different attorney represented him during the criminal court phase of the proceedings. During the post-conviction hearing, the petitioner testified that counsel did not keep him informed about the proceedings. He testified that he did not know that he was having a trial until counsel informed him in court the morning the trial was to begin. The petitioner did acknowledge that trial counsel informed him about his possible sentencing range and that he was a Range III offender. He insisted that he did not know he was entering an open plea despite the fact that the plea agreement stated it was an open plea.

> Counsel for the preliminary hearing testified that he had practiced law for sixteen years at the time of the petitioner's case and that he met with the petitioner several times prior to the hearing. He stated that he filed for and received discovery that included three separate taped statements of the defendant making incriminating statements. He testified that he negotiated extensively with the petitioner and obtained an offer of a fifteen-year sentence, which the petitioner refused. Counsel told the petitioner that the deal would be rescinded once the case was set for trial.

> Trial counsel testified that he had practiced law for twenty-eight years at the time of his representation of the petitioner. He said that he met with or talked to the petitioner on several occasions. He said he believed the petitioner would be convicted, so their best plan was to enter a plea. Counsel said that the State did not want to agree to concurrent sentencing, but he negotiated that part of the agreement. Counsel testified that the petitioner was fully aware of what he was doing in entering the plea and that he had no doubt the petitioner knew it was an open plea with sentencing to be decided by the judge.

> Trial counsel testified that, on the day the sentence was to be set, he again negotiated with the State and received an offer of twenty years, the minimum for a Range III offender. He said the defendant was upset at the twenty-year deal, but they were concerned he would get more time if the trial court was to sentence him based on his prior record.

7

*Hayworth v. State*, 2008 WL 2095489 at \*\*1-2.

The appellate court next noted the burden was on petitioner to prove his allegations

of ineffective assistance of counsel:

> The petitioner alleged ineffective assistance of counsel, and it was the petitioner's burden in the post-conviction court to prove the allegations by clear and convincing evidence in order to obtain relief. We are required to affirm the post-conviction court's findings unless the petitioner proves that the evidence preponderates against those findings.

*Id*. at \*2 (citations omitted). The court also noted the two-part standard of review for claims

of ineffective assistance of counsel set forth in *Strickland*, as well as its application in cases

involving guilty pleas. *Id*. (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hill*

*v. Lockhart*, 474 U.S. 52, 59 (1985)).

The appellate court then rejected petitioner's arguments

> When a petitioner claims that counsel did not interview witnesses, it is well settled that the witnesses should be presented by the petitioner at the evidentiary hearing. Generally, presenting such witnesses in the post-conviction hearing is the only way a petitioner can establish that "the failure to discover or interview a witness inured to his prejudice ... or ... the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." Here, the petitioner did not call any of the alleged overlooked witnesses during the post-conviction hearing. The State argues that the failure to present the alleged witnesses constitutes failure to demonstrate either deficient performance or prejudice. We agree, and the petitioner is not entitled to relief on this issue.

> Next, the petitioner contends that counsel misled him into believing that he was going to receive a fifteen-year sentence. The petitioner testified that he was surprised to learn that he was going to be sentenced to twenty-years but accepted it because he was told he had no other choice. He said that he would have elected to go to trial rather than enter a plea to twenty years.

8

The record before us does not include the transcripts of the preliminary hearing, the guilty plea hearing, or the sentencing hearing. The only item in the record that gives any guidance as to the entry of the plea is the "Petition To Enter Plea of Guilty," which is signed by the petitioner. Part seven of the plea petition expressly states "that the Court will consider each count of the indictment or information to which I plead 'GUILTY' as a separate offense" and makes no mention of any set sentence. Further, in an area above the petitioner's signature, the petition states that the plea is a best interest plea and an "open" plea with the sentences to run concurrent to each other by agreement with the prosecution. The petitioner signed the statement. He has not presented evidence to overcome his burden of proving counsel's representation to be deficient. The post-conviction court accredited the testimony of counsel during the post-conviction hearing, and the petitioner has not presented any evidence to demonstrate that the post-conviction court ruled in error. Therefore, the petitioner is entitled to no relief, and we affirm the judgment from the post-conviction court.

*Id.* at **2-3 (quoting *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App.1990)).

This court has reviewed the transcript of petitioner's post-conviction hearing [Attachment B, Transcript of Post-Conviction Hearing, pp. 1-96] and finds the decision by the Tennessee Court of Criminal Appeals is supported in the record. As post-conviction counsel noted in his opening remarks, the focus of the evidentiary hearing was the attorneys' alleged failure to investigate the case and communicate with the petitioner. [*Id.* at 3-4].

Petitioner testified during the hearing that he gave his attorney names of witnesses to be interviewed. [*Id.* at 13]. Nevertheless, petitioner did not present any of those witnesses during the post-conviction hearing.

Petitioner acknowledged that his attorneys informed him of the plea offer of 15 years, which he rejected. [*Id.* at 12]. He testified that on the day of trial, his attorney told him he was looking at a sentence of 60 years and so he agreed to plead guilty, believing he would

9

receive the 15-year sentence. [*Id*. at 17-18]. Petitioner testified that he was surprised when he received 20 years on the day of sentencing. [*Id*. at 19]. He reiterated on cross-examination that he believed he was pleading guilty to a term of 15 years and denied knowing it was an "open" plea. [*Id*. at 36-50].

Mr. Durard testified that, during the preliminary hearing, petitioner was identified as a participant in the burglary and robbery and thus there was no basis for a dismissal at that point. [*Id*. at 59-60]. Mr. Durard also reviewed audiotaped recordings of petitioner's interview by the police, in which petitioner made incriminating statements. [*Id*. at 60-61]. Mr. Durard also testified that he communicated the State's offer of 15 years to petitioner and told him that once the case was set for trial the offer would be "off of the table." [*Id*. at 62-64].

Mr. Dugger testified that he was aware that the victims had identified petitioner as the gun man in the burglary and robbery, but the hope for trial was that the witnesses would fail to show. [*Id*. at 69-71]. When the victims did show up for trial, petitioner agreed to plead guilty because he would almost certainly have been found guilty. [*Id*. at 71-74]. In return for the guilty plea, the State agreed that petitioner's sentences would be served concurrently. [*Id*. at 74-75]. Mr. Dugger testified that petitioner knew that the length of his sentence would be determined by the trial judge at sentencing. [*Id*. at 77]. Nevertheless, at sentencing he and the prosecutor agreed that petitioner would receive the minimum sentences of ten years and 20 years, respectively, for aggravated burglary and aggravated robbery. [*Id*. at 77-80].

In denying relief at the conclusion of the post-conviction hearing, the trial court found the guilty plea was knowing and voluntary.

> Well, it is obvious to the Court the defense's strategy was to wait and see if the key witnesses for the State appeared for trial. When they did or some of them did appear, then he decided to plead guilty.
>
> The Court does find he did so understandingly, knowingly and voluntarily.

[*Id*. at 94-95]. The trial court also found "that Mr. Durard and Mr. Dugger more than adequately represented the Defendant within the range of defense required by the law." [*Id*. at 96].

In addition to the transcript of the post-conviction evidentiary hearing, this court has also reviewed petitioner's guilty plea. [Attachment C, Exhibit 1 to Post-Conviction Hearing]. Petitioner was clearly advised of the rights he was giving up by pleading guilty and the consequences of his guilty plea. The plea contained the following unequivocal statement just above petitioner's signature: "Best interest plea open to indictment; State agrees that sentences imposed shall be concurrent to one another." [*Id*. at 2].

The state courts found that counsel did not render ineffective assistance with respect to interviewing witnesses or petitioner's open guilty plea. These findings are supported in the record and are neither contrary to, nor do they involve an unreasonable application of, federal law as established in *Strickland v. Washington*. The record likewise fails to support petitioner's other claims of ineffective assistance of counsel. Petitioner has failed to

11

demonstrate he received ineffective assistance of counsel under the *Strickland* standard and he is not entitled to relief on this claim.

### B.  Amended Petition / Apprendi

In an amendment to his habeas corpus petition, petitioner alleges that the trial court erred in sentencing him as a Range III persistent offender because the sentence enhancement was not determined by a jury.  He relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny in support of this claim.

In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court reiterated its previous holding in *Apprendi* that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'"  *Id*. at 301 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).  Petitioner's status as a Range III persistent offender was based upon his prior criminal convictions.  Tenn. Code Ann. § 40-35-107.  Accordingly, *Apprendi* and its progeny do not afford petitioner any relief.

### VI.   <u>Conclusion</u>

The petition for habeas corpus relief will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**.  Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts.  Petitioner  having failed to make a substantial showing

of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28

U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure.  The court

**CERTIFIES** that any appeal from this action would not be taken in good faith and would

be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  The court will

further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

_____*/s/Harry S. Mattice, Jr.*_____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

13